IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAPHAEL THEOKARY and : 
LIUDMILA THEOKARY, h/w
    Plaintiffs,
:     CIVIL ACTION
    v.     NO. 14-4153

MVM, INC. :
    Defendant.

## MEMORANDUM

**Jones, II   J.**                                                                          January 14, 2015

### I.    Introduction

    This case arises from an alleged physical injury sustained by Plaintiff Raphael Theokary during a Bankruptcy Court hearing in Philadelphia, Pennsylvania on November 30, 2009. (Compl. ¶¶ 4-5.) Specifically, Plaintiff[1] contends security officers injured his elbow while escorting him out of the courtroom. (Compl. ¶¶ 4-6.) Plaintiff previously brought a cause of action for this incident, which this Court dismissed on June 13, 2013 for lack of subject matter jurisdiction.[2] Plaintiff appealed this Court's dismissal of his claims and on March 31, 2014, judgment was affirmed.

---

[1] Raphael Theokary's wife has joined this action to pursue a loss of consortium claim. However, inasmuch as the majority of this Court's decision pertains to Raphael Theokary, the term "Plaintiff" shall refer to him only, unless otherwise indicated.

[2] In response to Defendant's citation to this Court's decision regarding Mr. Theokary's first case, Plaintiffs claim said decision "did not speak to the information or documentation that was forwarded to the Department of Justice and to the U.S. Marshal Service with regard to the incident of November 30th, 2009." (Pls.' Resp. Def.'s Mot. Dismiss, ¶ 6.) This Court's prior decision speaks for itself and clearly shows that the documentation provided by Mr. Theokary was in fact fully considered.

In the case previously before this Court, Plaintiff mistakenly brought suit against the U.S. Marshals Service ("USMS") pursuant to the Federal Tort Claims Act ("FTCA"). Having discovered that the proper defendant was not the U.S. Marshals Service but rather, MVM, Inc. - a private company that provided court security services - Plaintiffs instituted the instant action against Defendant MVM, Inc. on June 9, 2014. The case was originally filed in the Philadelphia Court of Common Pleas and was thereafter removed to this Court based on diversity of citizenship. *See* 28 U.S.C. 1441.

Presently before this Court is Defendant's Motion to Dismiss Plaintiffs' current Complaint for failure to state a claim. In particular, Defendant argues that pursuant to 42 Pa.C.S. §5524, Plaintiffs' claims are barred by Pennsylvania's two-year statute of limitations for negligence actions. Defendant further maintains that the statute of limitations began running the day of the alleged incident in Bankruptcy Court - November 30, 2009. (Mot. Dismiss ¶¶ 8-12.) In response, Plaintiffs argue there is an exception to the statute of limitations when fraud or misrepresentation is at play. (Pl.'s Resp. to Mot. Dismiss, ¶¶ 8-9.) To that end, Plaintiffs reiterate the same argument made by Mr. Theokary in his 2012 case - that the federal government misled him into believing that the security officers were government employees. (*Id.*)

## II.  Legal Standard

After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550

2

U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

With specific regard to a statute of limitations defense, "the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)); *see also W. Penn Allegheny Health Sys. v. UPMC,* 627 F.3d 85, 105 n.13 (3d Cir. 2010) ("Although Federal Rule of Civil Procedure 8(c) suggests that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, our cases recognize that a defendant may raise a limitations defense in a motion to dismiss." )(internal quotation marks and citation omitted).

### III.   Discussion

Federal courts treat statutes of limitations as substantive law and as such, they are governed by applicable state law. *Jaworowski v. Ciasulli*, 490 F.3d 331, 333 (3d Cir. 2007).  In this case, Pennsylvania law supplies the rule of decision; tort actions are subject to a two-year statute of limitations.  42 Pa.C.S. § 5524(2).  However, "it is well-established that Pennsylvania law recognizes a 'discovery rule' exception to the statute of limitations which delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." *Wise v. Mortg. Lenders Network USA, Inc.*, 420 F. Supp. 2d

389, 395-96 (E.D. Pa. 2006) (quoting *Beauty Time, Inc. v. VU Skin Sys., Inc.*, 118 F.3d 140, 144 (3d Cir. 1997)). "Moreover, when the underlying events being sued upon sound inherently in fraud or deceit . . . that, without more, will toll the statute of limitations until such time as the fraud has been revealed, or should have been revealed by the exercise of due diligence by the plaintiff." *Id.*

Here, Plaintiffs' Complaint shows facial noncompliance with the statute of limitations because the allegedly tortious incident occurred more than four (4) years ago. (Compl. ¶ 4.) Therefore, Defendant has properly raised this defense in its Motion to Dismiss. *Brown v. Montgomery Cnty.*, 470 F. App'x 87, 90 (3d Cir. 2012); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). However, Plaintiffs argue that the statute of limitations should run from January 2013 because it wasn't until then that they learned - allegedly due to the government's fraud - that the courthouse security officers worked for Defendant. (Compl. ¶ 12.)[3] This argument has already been rejected by this Court, the ruling of which was affirmed on appeal. *See Theokary v. United States*, Civ. No. 13-3143, 2014 U.S. App. LEXIS 6072, at *5-6 (Mar. 28, 2014) ("Theokary has pointed to no record evidence showing that the government misrepresented any fact to him."). In fact, the Third Circuit specifically found there was not "a legal or factual basis for Theokary's argument that the government engaged in affirmative misconduct by not promptly disclosing the employment status of the officers who allegedly injured him." *Theokary*, 2014 U.S. App. LEXIS 6072, at *6.

---

[3] Plaintiffs also claim that they did not discover who the proper party was until the U.S. Attorney's Office "identified the individual in question as being an employee of Defendant, MVM, Inc. on March 13th, 2013 and by letter on February 13, 2013." (Pls.' Resp. Mot. Dismiss ¶ 5.) For the reasons set forth herein, these dates are of no consequence.

4

"It is well settled, that '[o]nce an injured party is put on notice, the burden is upon him to determine within the limitations period whether any party may be liable to him' [and] '[i]n the absence of fraudulent concealment[,] it is the plaintiff's burden, within the statutory period, to determine whether and whom to sue." *Wollaver v. United States*, Civ. No. 89-0772, 1989 U.S. Dist. LEXIS 8433, at *9-10 (E.D. Pa. July 21, 1989) (internal citations omitted).  In that same vein, it is a plaintiff's obligation to sue the *proper* party. *See, e.g., Flynn v. Best Buy Auto Sales*, 218 F.R.D. 94, 99 (E.D. Pa. 2003) ("It is well established that it is the plaintiff's obligation to sue the proper party.") (internal citation omitted).  Beginning in November 2009, Plaintiffs herein had an opportunity to conduct their own investigation regarding the identity of the proper party but failed to adequately do so.

Accordingly, this Court finds that Defendant properly raised the statute of limitations defense under Rule 12(b)(6) because Plaintiffs' Complaint is facially noncompliant with the applicable statute of limitations under Pennsylvania law.  Moreover, Plaintiffs' argument that the government fraudulently withheld the identity of Defendant MVM is wholly without merit.  Therefore, Plaintiffs' claims shall be dismissed.

**IV.     Conclusion**

For the reasons set forth hereinabove, Defendant's Motion to Dismiss shall be granted and Plaintiffs' Complaint shall be dismissed with prejudice.  Although Plaintiffs have not requested leave to amend as an alternative to dismissal, any attempt to amend would be futile in light of the discussion set forth hereinabove.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

C. Darnell Jones, II     J.